RYDER TRUCK RENTAL, INC v AUTO-OWNERS INSURANCE COM-
PANY, INC

Docket No. 202294. Submitted November 6, 1998, at Lansing. Decided
April 30, 1999, at 9:10 A.M.

Ryder Truck Rental, Inc., and its automobile liability insurer, Old
Republic Insurance Company, brought an action in the Ingham Cir-
cuit Court against Auto-Owners Insurance Company, Inc., seeking
contribution for a judgment that Old Republic paid to two individu-
als who were injured when their vehicle collided with a tractor-
trailer combination composed of a tractor that was owned by
Ryder, insured by Old Republic, and rented and operated by Leon's
Homemade Foods and a trailer that was owned by Leon's and
insured by Auto-Owners. Old Republic's policy with Ryder con-
tained a $7,000,000 limit of liability coverage; however, the contract
between Ryder and Leon's limited liability coverage for the rented
tractor to $100,000 for each person and $300,000 for each accident.
The policy limit of the Auto-Owner's policy on the trailer was
$1,000,000. Although the parties agreed that Old Republic and Auto-
Owners should pay prorated shares of the underlying judgment
paid to the two injured individuals and that the proration should be
computed on the basis of the limits of their respective coverages,
they differed concerning what limits of coverage should be used in
the calculation. Auto-Owners argued that the $7,000,000 limit of
coverage contained in the policy issued by Old Republic to Ryder
should be used and that, accordingly, it was obligated to pay only
one-eighth of the judgment (computed by dividing the $1,000,000
limit of coverage of its policy by $8,000,000—that being the sum of
the limit of coverage of its policy and the $7,000,000 limit of cover-
age of the Old Republic policy). The plaintiffs, on the other hand,
argued that Auto-Owners should pay five-sixths of the judgment
(computed by dividing the $1,000,000 of the Auto-Owners' policy by
$1,200,000—that being the sum of the limit of coverage of the Auto-
Owners' policy and the $200,000 limit of coverage that was applica-
ble under these circumstances pursuant to the insurance provision
of the contract between Ryder and Leon's). The court, Michael G.
Harrison, J., found that the proper method of calculating the prora-
tion of the liability of the respective insurers was that proposed by

the plaintiffs and entered a judgment for the plaintiffs using that method. Auto-Owners appealed.

The Court of Appeals *held*:

An owner of a vehicle that is being rented may properly limit in the rental contract the extent of insurance coverage that is being extended to the party that is renting the vehicle as long as the owner provides primary insurance coverage with a coverage limit equal to or greater than the coverage limits required by the no-fault act. Accordingly, because the coverage limits contained in the contract between Ryder and Leon's exceeded the limits of coverage required by no-fault act, the coverage limitation provision in the contract was valid and enforceable.

Affirmed.

AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE — LIMITS OF COVERAGE — RENTAL VEHICLES.

An owner of a vehicle that is being rented may properly limit in the rental contract the extent of insurance coverage that is being extended to the party that is renting the vehicle as long as the owner provides primary insurance coverage with a coverage limit equal to or greater than the coverage limits required by the no-fault act (MCL 500.3009[1], 500.3131[2]; MSA 24.13009[1], 24.13131[2]).

*Foster, Swift, Collins & Smith, P.C.* (by *Webb A. Smith*), for the plaintiffs.

*Reeves & Jones, P.C.* (by *Donald L. Jones*), for the defendant.

Before: JANSEN, P.J., and HOLBROOK, JR., and MACKENZIE, JJ.

PER CURIAM. In this action involving the no-fault automobile insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, defendant appeals as of right from a judgment requiring it to cover a five-sixths pro-rata share of liability incurred when a tractor rented from plaintiff Ryder by Leon's Homemade Foods collided with another vehicle, whose two occupants were injured. Defendant, which insured the Leon's-owned trailer that the tractor was hauling at the time of the

accident, argued that Ryder's automobile liability insurer, plaintiff Old Republic, was required to cover damages up to the limit of its policy with Ryder and that the rental contract between Ryder and Leon's could not provide a lower limit. The trial court disagreed, ruling that Ryder and Leon's, in their contract, could lower Old Republic's liability limit with respect to the rented tractor. We affirm.

For purposes of this appeal, the parties agree that defendant and Old Republic must each pay a prorated share, computed according to their respective policy limits, of the $210,000 in damages that was ascertained in separate litigation, during which the following were held liable: (1) the driver of the tractor, who was an employee of Leon's; (2) Leon's, under the theory of respondeat superior; and (3) Ryder, under the owner's liability statute, MCL 257.401; MSA 9.2101. The parties also agree that defendant's policy limit was $1,000,000. Their disagreement is whether Old Republic's policy limit was $7,000,000 or $200,000. Defendant argues that because the policy between Old Republic and Ryder, the owner of the tractor, contained a $7,000,000 limit, this limit was applicable to all accidents involving the tractor, even those caused by renters who had signed a contract containing a lower limit. Plaintiffs argue that because the contract between Ryder and Leon's provided liability coverage limited to $100,000 for each injured person and $300,000 for each accident, the effective policy limit for the accident in question was $200,000. Under defendant's theory, defendant would be responsible for one-eighth (1,000,000 ÷ [1,000,000 + 7,000,000]) of the $210,000, while under plaintiffs' theory, adopted by the trial court, defendant would be responsible for

five-sixths (1,000,000 ÷ [1,000,000 + 200,000]) of the $210,000.

We first note that in June 1995, the Legislature amended the owner's liability statute to provide for a $20,000 for each person and $40,000 for each accident limit on a lessor's liability for negligent acts of a lessee during a rental period of thirty days or less. See MCL 257.401(3); MSA 9.2101(3). However, because the amendment took effect after the accident and the filing date in the instant case, it is inapplicable here.

There are no published Michigan cases addressing whether a contract between an automobile owner and a renter can lower the policy limit of the owner's no-fault insurance provider with respect to an accident for which the owner is held liable under the owner's liability statute. There are cases, however, addressing whether a rental contract can completely *eliminate* the liability coverage of the owner's insurer. In *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25, 40-41; 549 NW2d 345 (1996), the Supreme Court held that such contracts violated the no-fault act's requirement that an automobile owner provide insurance coverage for liability arising from the use of the automobile. See MCL 500.3101(1); MSA 24.13101(1), MCL 500.3131; MSA 24.13131, and MCL 500.3135; MSA 24.13135. Defendant argues that the *State Farm* decision, in addition to prohibiting the *elimination* of an owner's insurance coverage by way of a rental contract, also prohibits *lowering the policy limit* in the rental contract. We fail to see, however, how a contract that merely lowers the policy limit would violate the no-fault act. As long as the owner provides the primary insurance coverage with a pol-

icy limit equal to or above the minimum amounts required by MCL 500.3009(1); MSA 24.13009(1) and MCL 500.3131(2); MSA 24.13131(2), there is no violation of law and, correspondingly, no reason to invalidate a proper contractual agreement. The policy limit specified in subsections 3009(1) and 3131(2) is $20,000 for each person and $40,000 for each accident, well below the $100,000 for each person and $300,000 for each accident specified in the contract between Ryder and Leon's. Thus, the agreement was valid and enforceable.

This conclusion accords with *Agency Rent-A-Car, Inc v American Family Mut Automobile Ins Co*, 519 NW2d 483 (Minn App, 1994), in which the Minnesota Court of Appeals held that as long as an automobile rental agency provides the minimum no-fault benefits required by law, it "may limit its omnibus liability coverage to less than its own personal liability coverage, and it may do so in the rental contract." It also accords with *Paige v Tucker*, 702 So 2d 1184, 1187 (La App, 1997), in which the Louisiana Court of Appeals held that applying the higher coverage terms of a rental agency's insurance policy would amount to an unforeseen windfall for a renter who had contracted for a lower policy limit.

We note that the United States District Court for the Eastern District of Michigan has recently invalidated a contractual provision similar to the one at issue in the instant case. See *Liberty Mut Ins Co v Citizens Ins Co*, 990 F Supp 518, 522-523 (ED Mich, 1997). Citing *State Farm, supra* at 35, as persuasive authority, it held that allowing a rental agency to lower its insurance company's policy limit by way of a rental agreement would amount to unlawfully "per-

mitting [the agency] to unilaterally dictate the insurance obligations of its insurer . . . without [its] consent." *Liberty Mut, supra* at 523. Mindful that decisions of a federal district court regarding interpretations of Michigan law are not binding precedent in this Court, we do not believe that *State Farm* is controlling in this case. In *State Farm,* the Court was concerned with a situation in which a rental car driver signed a contract transferring all liability coverage away from the owner's insurer and to the driver's insurer. The Court stated, "the driver cannot bind the insurance company that issued the driver's policy of coverage for a personal automobile to provide coverage for another car." *State Farm, supra* at 35. The situation in that case differs from the situation in the instant case, in which there was no attempt to shift the primary insurance obligation to the renter's insurer. Indeed, Old Republic remained the primary insurer of the tractor. Consequently, we find improper the *Liberty Mut* court's reliance on *State Farm* and remain convinced that the contract between Ryder and Leon's could lawfully lower Old Republic's policy limit.

In sum, we hold that an automobile rental contract may properly lower the liability coverage limit of the owner's insurer, as long as the owner's insurer remains primary and provides coverage up to the minimum amounts required by the no-fault act.

Affirmed.