CHURCH MUTUAL INSURANCE COMPANY, Plaintiff,

v.

SAVE–A–BUCK CAR RENTAL COMPANY, INC., a Michigan corporation, Defendant.

No. 1:99–CV–52.

United States District Court, W.D. Michigan, Southern Division.

April 3, 2000.

Mary C. Rentz, Milind Parekh, Plinkett & Cooney, PC, Detroit Lakes, MI, for plaintiff.

Raymond W. Morganti, Siemion, Hucka-bay, Bodary, Padilla, et al., Southfield, MI, for defendant.

*OPINION AND ORDER ON CHURCH MUTUAL INSURANCE COMPA-NY'S MOTION FOR SUMMARY JUDGMENT*

MILES, Senior District Judge.

On June 19, 1997, Carol Goodwin rented a 1988 Dodge automobile from defendant Save–A–Buck Car Rental Company, Inc. ("Save–a–Buck"). On the following day, Goodwin was involved in an auto accident while driving the rental vehicle within the state of Ohio. Several of her passengers were injured in the accident, and one or more of them has asserted claims against Goodwin, her employer Zion Lutheran Church ("Zion"), and Save–a–Buck. Plaintiff Church Mutual Insurance Company ("Church") was Zion's insurer at the time of the accident.

On January 25, 1999, Church filed this action against Save–a–Buck. Invoking the court's diversity jurisdiction, Church's complaint sought a declaratory judgment (1) that Save–a–Buck, as owner/lessor of the rental vehicle, is primarily responsible under Michigan law for providing defense and coverage to Carol Goodwin on the tort claims asserted against her arising from the June 20, 1997 motor vehicle accident; (2) that Save–a–Buck has unlimited liability for personal injury claims as a consequence of the accident; and (3) that any coverage provided by Church is excess over that to be provided by Save–a–Buck. The matter is now before the court on a motion filed by Church seeking summary judgment in its favor (docket no. 21).

For the reasons to follow, the court denies the motion.

*I*

At the time of the accident in question, Church had issued a multi-peril policy of insurance to Zion. The policy contained coverage deemed "Hired and Nonowned Automobile Liability Coverage—Excess Insurance," which was in effect on the date of the accident. This particular coverage contained the following pertinent provision:

This insurance applies to "bodily injury" and "property damage" only if:

\* \* \* \* \* \*

(3) The 'bodily injury' or 'property damage' arises out of the maintenance or use of an automobile that is a 'hired automobile' or 'nonowned automobile.'

The policy defines the term "hired automobile" as, among other things, an automobile "[l]eased or rented by you or your employee ... in the course of your business." The policy also excludes from coverage the owner of the "hired automobile"—which would of course be Save–a–Buck here—as well as the lessee—which would of course by Goodwin.

What the policy also contains, however, are conditions. Regarding "other insurance," the policy provides in pertinent part as follows:

a. If other valid and collectible insurance is available to the insured for a loss we cover under this Coverage Part, our obligations are limited as follows:

(1) This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis. We will have no duty under this Coverage Part to defend any claim or 'suit' that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

(2) We will pay only our share of the amount of loss, if any, that exceeds the sum of:

    (a) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (b) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations Page of this Coverage Part.

Also pertinent to this action is the following provision contained on the back of a standard rental agreement between Save-a-Buck and Goodwin:

10. *THIRD PARTY LIABILITY PROTECTION.* In the event that coverage is imposed, by operation of law for the benefit of any person other than Renter, then limits of such coverage shall be equal to the minimum financial responsibility limits established by the Financial Responsibility Law or other applicable statute of the state or other jurisdiction in which accident occurred. Renter and Additional Renters hereby indemnify and hold Daily Rental Company, its agents and employees harmless from and against all loss, liability and expense whatsoever in excess of limits of liability provided for herein, as a result of bodily injury, death or property damage caused by, or arising from use or operation of vehicle. . . .

It is Church's position that in paragraph 10 of the standard rental agreement, Save-a-Buck failed to provide Goodwin with notice that Save-a-Buck is liable only up to the maximum amounts provided under Michigan's financial responsibility law.

Church therefore contends that Save-a-Buck cannot claim the protection of any otherwise applicable liability limitation. Church's complaint seeks a declaratory judgment decreeing that (1) Save-a-Buck is responsible for providing defense and coverage to Goodwin for any claims by the individuals injured in the June 20, 1997 accident; (2) Save-a-Buck has unlimited liability for personal injury claims arising from the accident; and (3) any coverage provided by Church is excess over that to be provided by Save-a-Buck.

## II

At the outset, the court observes that Save-a-Buck has failed to file a timely response to Church's motion. Church filed its motion on November 15, 1999, having served it by mail on Save-a-Buck the same day. Pursuant to this district's Local Rules, Save-a-Buck was required to file any written opposition to the motion within 31 days after service: 28 days, with three days added for service by mail. Local Rule 7.2(c); Fed.R.Civ.P. 6(e).

On February 15, 2000, 77 days after serving its motion, Church filed a "Motion to Grant Relief Requested in [Its] Motion for Summary Judgment" (docket no. 22). In this motion, Church observed that Save-a-Buck had made no response to the summary judgment motion. In addition to seeking entry of judgment in its favor for the reasons set forth in its earlier dispositive motion, Church argued that the court should grant that motion because Save-a-Buck had failed to respond.

On February 18, 2000, three days after Church invited the court's attention to Save-a-Buck's failure to respond, Save-a-Buck finally did file a written response to the motion (docket no. 23). The written filing, styled "Brief in Opposition to Motion for Summary Judgment," was not ac-

companied by a motion for enlargement of time, nor did it otherwise contain any explanation for Save–a–Buck's lengthy delay in responding. Notwithstanding Save–a–Buck's belated filing of a response which bears all of the earmarks of being rather hastily prepared (for example, the document contains no page numbers and fails to include a reporter citation for a Michigan Court of Appeals case on which Save–a–Buck heavily relies), the court has considered the document in reaching its decision. The court does, however, admonish defense counsel that the court will not countenance any further disregard of the court's rules.

### III

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Regarding the applicable law here, the parties are in agreement that the law of Michigan, the site of the rental agreement, controls in this case. The parties also appear to be in agreement that as owner of the rental vehicle, Save–a–Buck was responsible for providing primary insurance coverage for liability arising out of the vehicle's use.[1] *State Farm Mutual Automobile Ins. Co. v. Enterprise Leasing Co.*, 452 Mich. 25, 549 N.W.2d 345 (1996). However, where the parties disagree is on the issue of whether Save–a–Buck may claim the benefit of the cap on liability contained in M.C.L. § 257.401(3). And, if Save–a–Buck may not claim the benefit of this liability limitation, the parties disagree on whether Church's policy is excess over that procured by Save–a–Buck.

Section 257.401 provides in pertinent part as follows:

(3) Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehi-

---

**1.** Church expressly states as much in its dispositive motion. Motion for Summary Judgment, at p. 5, ¶ 15. Save–a–Buck, while less direct in its language, repeatedly recognizes its primary obligation. *See* Brief in Opposition to Motion for Summary Judgment, at p. 10 ("given Michigan law and the facts of this case, Save–A–Buck was not obligated to provide Ms. Goodwin with liability insurance in excess of the minimum statutory limits"); *id.* at 16 ("Although Michigan law required the vehicle owner to purchase liability coverage for Carol Goodwin up to the statutory minimum of $20,000/$40,000, Save–A–Buck had no obligation to provide her with insurance coverage *in excess of those limits.* In light of these facts, as to Carol Goodwin, the Church Mutual insurance policy provides the next level of coverage for Ms. Goodwin after exhaustion of the statutorily mandated limits ... Church Mutual Insurance Company provides primary insurance coverage for the claims asserted in the underlying tort actions, after exhaustion of the minimum statutory limits of coverage ... Save–A–Buck had no obligation to provide Ms. Goodwin or her employer with liability coverage *in excess of the statutory minimum limits*"); *id.* at 17 ("Church Mutual, as the insurer of the alleged active tortfeasor, would stand in the first order of priority for coverage purposes, after exhaustion of the statutory minimum limits"); *id.* at 18 ("after exhaustion of the minimum limits required by MCLA § 257.520, Save–A–Buck had no further duty to purchase liability coverage for permissive users of its rental vehicles ... the Church Mutual insurance policy is primarily liable for the claims against Carol Goodwin, after exhaustion of the minimum statutory limits. Church Mutual Insurance Company therefore has the primary duty to defend and indemnify Save–A–Buck ... after exhaustion of the minimum statutory limits").

cle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

(4) A person engaged in the business of leasing motor vehicles as provided under subsection (3) shall notify a lessee that the lessor is liable only up to the maximum amounts provided for in subsection (3), and only if the leased motor vehicle was being operated by the lessee or other authorized driver or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member, and that the lessee may be liable to the lessor up to amounts provided for in subsection (3), and to an injured person for amounts awarded in excess of the maximum amounts provided for in subsection (3).

(5) Subsections (3) and (4) shall not be construed to expand or reduce, except as otherwise provided by this act, the liability of a person engaged in the business of leasing motor vehicles or to impair that person's right to indemnity or contribution, or both.

Church's position is that although § 257.401(3) permits a lessor to limit its liability in the event of an accident, § 257.401(4) prohibits such a limitation from being enforced *unless* the lessor provides the lessee with notice meeting certain prerequisites. According to Church,

The terms 'shall notify' in M.C.L. § § 257.401(4) clearly mandate that Save–A–Buck notify Goodwin of any claimed limitations of liability, and that Goodwin may be liable to Save–A–Buck and an injured person. The Rental Agreement ... issued by Save–A–Buck to Goodwin does not provide notice to the lessee that the lessor is liable only up to the maximum amounts provided under Michigan law, or that the lessee may be liable to the lessor up to the maximum amounts provided under Michigan law, or that the lessee may be liable to injured persons for amounts exceeding $20,000/$40,000.

Save–A–Buck's failure to provide notice to its lessees of the requirements set forth above renders the liability limitation of M.C.L. § § 257.401(3) inapplicable to the circumstances of this incident. See § 257.401(4). Accordingly, Save–A–Buck has unlimited liability coverage in this case.

Brief in Support, at pp. 11–12.

The problem with Church's argument, however—a problem which is obvious on the face of the statute—is that § 257.401(4) does not contain the "unless" or "only if" language which Church reads into it. While § 257.401(4) clearly imposes a notice requirement, it does not impose a penalty for failure to give the required notice. In addition, § 257.401(5) seems to indicate that Michigan's legislature intended to impose no consequences at all for failure to comply with subsection (4)'s notice provision. Subsection (5)'s language, which expressly provides that subsection (4) "shall not be construed to expand or reduce, except as otherwise provided by this act, the liability of a person engaged in the business of leasing motor vehicles or to impair that person's right to indemnity or contribution, or both," is relatively clear in indicating that the lessor's liability vis-à-

vis the lessee—if any—remains what it was or is under common law. *See Black v. Joe Panian Chevrolet, Inc.*, 239 Mich.App. 227, 608 N.W.2d 89 (2000) (concluding by stating, "We are aware of no legal rule in Michigan prohibiting a person in the business of renting or leasing vehicles from contracting for indemnification from the vehicles' users").

Church also argues, however, that § 257.401(3) expressly provides that the liability limitations contained in that subsection apply "[u]nless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle[.]" Church further argues that Save–a–Buck was guilty of negligence here, specifically, because Save–a–Buck "negligently failed to notify Goodwin," in the rental agreement, of the precise dollar amounts of Michigan law's liability limitations. Church contends that a recent case decided in the Eastern District of Michigan, *Allstate Ins. Co. v. Abbas*, No. 97–75917 (O'Meara, J., May 6, 1999), supports this position. In that case, at issue was whether Thrifty Rent–a–Car had unlimited liability for damages arising out of an accident involving one of its rental vehicles. Regarding Thrifty's failure to notify the lessees of the limitation on liability— which was undisputed—the court stated as follows:

> AmEx argues that Thrifty, in its failure to notify, was 'negligent' as that term is used in Mich. Comp. Laws Ann. § 257.401(3). 'It is true that violation of a statute creates a rebuttable presumption of negligence.' *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich.App. 186, 540 N.W.2d 297 (1995). Thrifty argues that its failure to notify the lessees of the limitation should not render its liability unlimited. It argues that the

Michigan legislature's use of 'negligent' was intended to mean 'negligent entrustment.' However, if the drafters had intended to limit the rental car companies' liability to negligent entrustment, they could have done so. Because 'negligent' is not limited by the statute, the court finds Thrifty was negligent in failing to notify lessees of the limitation on liability. Thus, Thrifty's liability cannot be limited by Mich. Comp. Laws Ann. § 257.401(3)....

This court does not, however, share the views expressed by the court in *Allstate Ins. Co. v. Abbas* that the term "negligent" is not limited to negligent entrustment.[2] By including subsection (5) in § 257.401, the Michigan legislature indicated its intent not to expand the lessor's liability beyond that provided in the act, where the lessor and the lessee have contracted otherwise.

Church has not cited any case law decided by Michigan's state courts which supports the construction which Church seeks to impose on § 257.401(3). In contrast, Save–a–Buck has cited a recent Michigan Court of Appeals decision which confirms that a lessor may contractually limit its liability:

> There are no published Michigan cases addressing whether a contract between an automobile owner and a renter can lower the policy limit of the owner's no-fault insurance provider with respect to an accident for which the owner is held liable under the owner's liability statute. There are cases, however, addressing whether a rental contract can completely *eliminate* the liability coverage of the owner's insurer. In *State Farm Mut. Automobile Ins. Co. v. En-*

---

**2.** Church has advised the court that *Allstate Ins. Co. v. Abbas* is currently on appeal to the United States Court of Appeals for the Sixth Circuit. The appeal is still in the briefing stages.

*terprise Leasing Co.,* 452 Mich. 25, 40–41, 549 N.W.2d 345 (1996), the Supreme Court held that such contracts violated the no-fault act's requirement that an automobile owner provide insurance coverage for liability arising from the use of the automobile. M.C.L. § 500.3101(1); M.S.A. § 24.13101(1), M.C.L. § 500 .3131; M.S.A. § 24.3131, and M.C.L. 500.3135; M.S.A. § 24.13135. Defendant argues that the *State Farm* decision, in addition to prohibiting the *elimination* of an owner's insurance coverage by way of a rental contract, also prohibits *lowering the policy limit* in the rental contract. We fail to see, however, how a contract that merely lowers the policy limit would violate the no-fault act. As long as the owner provides the primary insurance coverage with a policy limit equal to or above the minimum amounts required by M.C.L. § 500.3009(1); M.S.A. § 24.13131(2), there is no violation of law and, correspondingly, no reason to invalidate a proper contractual agreement. The policy limit specified in subsections 3009(1) and 3131(2) is $20,000 for each person and $40,000 for each accident, well below the $100,000 for each person and $300,000 for each accident specified in the contract between [the lessor] and. [the lessee]. Thus, the agreement was valid and enforceable.

*Ryder Truck Rental, Inc. v. Auto–Owners Ins. Co., Inc.,* 235 Mich.App. 411, 597 N.W.2d 560, 561 (1999).[3]

■ Under recognized principles of statutory construction, Save-a–Buck's construction of the statute makes more sense. In construing a statute, "a court's duty is to give meaning to all sections of a statute and to avoid, if at all possible, nullifying one by an overly broad interpretation of another." *Koenig v. City of South Haven,* 460 Mich. 667, 597 N.W.2d 99, 104 (1999). *See also Travelers Ins. v. U–Haul of Michigan, Inc.,* 235 Mich.App. 273, 597 N.W.2d 235, 239 (1999) ("When construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render the statute, or any part of it, surplusage or nugatory"). In order to give sufficient meaning to § 257.401(3), which does place limits on a lessor's liability absent negligence, and in order to give sufficient meaning to § 257.401(5), particularly the phrase "except as otherwise provided by this act," the court must avoid giving § 257.401(4) the sweeping effect argued by Church.

■ Another recognized principle of statutory construction requires that "two statutes covering the same subject matter must be construed together to give meaning to both, if at all possible." *Oakland Hills Development Corp. v. Lueders Drainage Dist.,* 212 Mich.App. 284, 537 N.W.2d 258, 262 (1995). *See also Travelers Ins. v. U–Haul,* 597 N.W.2d at 239 ("As a rule of statutory construction, statutes that relate to the same subject or that share a common purpose are in pari materia and must be read together as one, even if they contain no reference to one another and were enacted on different dates"). Another provision of Michigan's statutes pertaining to motor vehicles, M.C.L. § 257.520, provides as follows:

(a) A 'motor vehicle liability policy' as used in this chapter, shall mean an own-

---

**3.** In June, 1995, the Legislature amended § 257.401, the owner's liability statute, to provide for a $20,000 for each person and $40,000 for each accident limit on a lessor's liability for negligent acts of a lessee during a rental period of thirty days or less. Because the amendment took effect after the accident and the filing date of *Ryder Truck Rental, Inc. v. Auto–Owners Ins. Co, Inc.,* it was not applicable in that case. 597 N.W.2d at 561.

er's or an operator's policy of liability insurance, certified as provided in section 518 or section 519 as proof of financial responsibility, and issued, except as otherwise provided in section 519, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

(b) Such owner's policy of liability insurance:

(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person, $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and $10,000.00 because of injury to or destruction of property of others in any 1 accident[.]

\*    \*    \*    \*    \*    \*

(g) Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section.

Under this section, an owner's liability insurance policy which provides coverage in excess of that required by the law is not even subject to the statute, except to the extent of the minimum amounts required by law. Church's reading of § 257.401(3), which does not give effect to § 257.520(g) or to § 257.401(5), is simply not reasonable. The court therefore cannot accept this construction of Michigan's motor vehicle statutes.

Finally, Church also seeks a summary judgment declaring that "[a]ny coverage provided by Church Mutual is excess over Save–a–Buck[.]" However, as noted above, Save–a–Buck's rental agreement expressly provides that the limits of coverage provided for third party liability "shall be equal to the minimum financial responsibility limits" established by the applicable law. Given this language, it would appear that Save–a–Buck is responsible for providing primary liability coverage only up to the statutory amounts. If that is the case, then Church is responsible for providing excess coverage—not Save–a–Buck. *See State Farm Mutual Auto. Ins. v. Enterprise Leasing,* 549 N.W.2d at 351 n. 6 (where driver's insurance policy contained "excess" coverage provision, rental car company was required to provide primary liability coverage, while driver's insurer was to provide excess coverage up to the limits of its policy). Under the circumstances, the court cannot conclude, as a matter of law, that Save–a–Buck must provide coverage in excess of the statutory amounts.

## IV

The stated basis for Church's motion for summary judgment motion is that the third party liability limitation provision contained in rental agreement is not enforceable. The court is not convinced that this provision is, as a matter of law, unenforceable. Therefore, the court must deny Church's motion.