*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERLICH PROTECTION SYSTEMS, INC.,

        Plaintiff-Appellant,

v

DAVID E. FLINT,

        Defendant-Appellee.

UNPUBLISHED
November 7, 2019

No. 345323
Oakland Circuit Court
LC No. 2017-159349-CB

Before: M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In this case involving the Michigan Uniform Trade Secrets Act, MCL 445.1901 *et seq.* (MUTSA), plaintiff appeals as of right the order of the trial court granting summary disposition on reconsideration under MCR 2.116(C)(10) to defendant, and dismissing plaintiff's complaint. We conclude that the trial court erred in determining that there were no genuine issues of material fact and reverse.

## I. PERTINENT FACTS

Plaintiff designs and installs fire-protection and security systems, and specializes in integrating those fire-protection and security systems with existing hardware and software to meet customers' individual needs. Defendant worked for plaintiff for almost 40 years before resigning on June 2, 2017, after which, defendant started work at another company that also designs and sells security systems. Plaintiff filed suit against defendant alleging that, while defendant prepared to resign from plaintiff's employ, defendant copied large amounts of corporate data onto a personal computer, and ultimately, used the data to misappropriate trade secrets under MUTSA. Defendant then filed a motion for summary disposition asserting that plaintiff could not cite any of the alleged trade secrets with particularity. In response, plaintiff commissioned two reports to explain the alleged trade secrets.

One report was authored by Duane Serowoky, who was asked to examine plaintiff's hardware, software, and electronic records. Serowoky determined that defendant had copied what appeared to be all of plaintiff's confidential information and an enormous amount of data

-1-

owned by and maintained by plaintiff, including, among other things, copies of plaintiff's designs, passwords that would permit access to already-installed systems, operating manuals, and forms and systems used to coordinate installation and maintenance. The second report was authored by Dalto Consulting, LLC, which analyzed and calculated the economic damages incurred by plaintiff because of defendant's alleged misappropriation of trade secrets.

Citing the Serowoky report specifically, the trial court initially denied defendant's motion for summary disposition. Defendant then moved for limited reconsideration, claiming in part that the statements in Serowoky's and Dalto Consulting's reports were unsworn, and therefore constituted inadmissible hearsay evidence. The trial court agreed, concluded that it had erred by relying on the unsworn statements, and ruled that plaintiff had failed to submit evidence sufficient to specifically identify the trade secrets at issue. Plaintiff now argues that the trial court erred in granting defendant's motion for summary disposition because, for the purposes of summary disposition, the reports of Serowoky and Dalto Consulting were sufficient to create issues of fact. We agree.

II. ANALYSIS

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012). Summary disposition pursuant to MCR 2.116(C)(10) is appropriate where, "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A (C)(10) motion considers documentary evidence and "tests the *factual* sufficiency of the complaint." *Dalley v Dykema Gossett*, 287 Mich App 296, 304 n 3; 788 NW2d 679 (2010), citing *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In reviewing the motion, "this Court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted).

Preliminarily, defendant is correct when he argues that, when supporting or opposing a motion for summary disposition, the "content or substance of the evidence proffered must be admissible in evidence." *Maiden*, 461 Mich at 123. However, "while a motion for summary disposition must be supported by admissible evidence, that evidence 'does not have to be in admissible form.' " *Latits v Phillips*, 298 Mich App 109, 113; 826 NW2d 190 (2012), quoting *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). A court may consider evidence in a motion for summary disposition as long as the substance of the proposed evidence is plausibly admissible at trial. *Barnard Mfg*, 285 Mich App at 373-374; see also MCR 2.116(G)(6) ("Affidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)-(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion.").

Determination of a trade secret is a fact-specific inquiry. In *Hayes-Albion v Kuberski*, 421 Mich 170, 182; 364 NW2d 609 (1984), our Supreme Court listed a number of factors that may be used to determine whether certain information is a trade secret: (1) the extent to which information is known outside of the owner's business, (2) the extent to which information is

known by employees and others involved in the business, (3) the extent of measures taken to guard secrecy of information, (4) the value of information to owners and competitors, (5) the amount of effort and money expended in developing information, and (6) the ease or difficulty with which information could be properly acquired or duplicated by another. See also *Wysong Corp v MI Industries*, 412 F Supp 2d 612, 626 (ED Mich, 2005) (applying Michigan law to determine whether a trade secret existed, and citing *Hayes* for the above factors).[1] Trade secrets may include design drawings, *Mike's Train House, Inc v Lionel, LLC*, 472 F3d 398, 411 (CA 6, 2006), vendor lists, *Giasson Aerospace Science, Inc v RCO Engineering, Inc*, 680 F Supp 2d 830, 843 (ED Mich, 2010), and customer information, *Electronic Planroom v McGraw–Hill Cos*, 135 F Supp 2d 805, 19 (ED Mich, 2001).

In this case, the substance of the reports—particularly Serowoky's report—indicate that defendant may have taken copies of plaintiff's designs, vendor information, and customer information, as well as a litany of other potentially confidential information. There is no doubt that, viewing the evidence in a light most favorable to plaintiff, some of the information taken by defendant could qualify as trade secrets. And, given the plausible admissibility of the reports, the trial court erred in declining to consider them. In *Latits*, 298 Mich App at 113-114, this Court held that factual statements in police reports could support a defendant's motion for summary disposition, even if the police reports themselves were not admissible evidence, because "defendant's reliance on those reports was in reference to the officers' personal observations, and those officers could have testified at trial to the substance of the material in the reports." Similarly, in this case, it was possible that the authors of the reports could have testified as to their content, and the statements that defendant copied—among a plethora of other things—designs of plaintiff's integrated systems were sufficient to create genuine issues of material fact as to whether defendant misappropriated trade secrets.

We note the trial court's reliance on *Shelton v Auto-Owners Ins Co*, 318 Mich App 648; 899 NW2d 744 (2017), as support for its finding that plaintiff's two reports were insufficient to satisfy the evidentiary requirements of MCR 2.116(G)(6). In that case, this Court noted in a footnote that, although the issue had not been raised by the parties, it appeared that three investigative reports offered to support a summary disposition motion should not have been considered because they "appear[ed] to be hearsay," and "[t]heir ostensible author did not testify and ha[d] not provided an affidavit that the statements in his reports [were] true and that he [would] so testify at trial." *Shelton*, 318 Mich App at 658 n 8. Notably, in the dictum, this Court made no actual determination as to whether the reports satisfied MCR 2.116(G)(6), and we are more persuaded by the binding statements contained in the rule itself, as well as *Barnard Mfg*, which clearly indicates that courts may consider statements in reports that would be plausibly admissible at trial, *even where* a foundation for their admission has yet to be laid. *Barnard Mfg*, 285 Mich App at 373.

---

[1] While federal court decisions interpreting Michigan law are not precedentially binding on Michigan courts, *Ryder Truck Rental, Inc v Auto-Owners Ins Co, Inc*, 235 Mich App 411, 416; 597 NW2d 560 (1999), they may be persuasive, *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

We reject the other arguments raised by the parties on appeal. Plaintiff contends that the trial court improperly shifted the burden of proof from defendant to plaintiff, requiring plaintiff to rebut defendant's motion for summary disposition by establishing the alleged trade secrets with specificity. We disagree.

First, the burden initially belonged to defendant, and defendant satisfied that burden. It is well-settled in Michigan that, on a motion under MCR 2.116(C)(10), the moving party may satisfy their burden in one of two ways: (1) by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 361-362; 547 NW2d 314 (1996) (quotation marks and citation omitted). See also *Lowrey v LMPS & LMPJ*, 500 Mich 1, 7; 890 NW2d 344 (2016). In this case, defendant chose the second option and, accordingly, despite plaintiff's suggestion to the contrary on appeal, the burden of proof did not require defendant to submit affirmative evidence in support of his contention that plaintiff failed to establish trade secrets.

Defendant properly met his burden of proof by relying on evidence to show that plaintiff had failed to establish the elements of a misappropriation under MUTSA with required specificity. Defendant relied upon statements made during the deposition of plaintiff's president that tended to emphasize the scope of defendant's alleged misappropriation rather than the specific nature of the alleged trade secrets. The deposition testimony indicated that plaintiff's belief that defendant stole trade secrets was a presumption based on the sheer amount of information contained within the data defendant copied, and thus, it seemed that plaintiff's complaint relied on an overly broad idea of what information qualifies as a trade secret under MUTSA. Clearly, not all confidential information necessarily qualifies as a trade secret. Thus, defendant met his initial burden on the motion for summary disposition, and the burden of proof then properly shifted to plaintiff to produce documentation to counter defendant's argument.

Plaintiff contends that, irrespective of the burden of proof, given the totality of the business records at issue, specificity of each trade secret was not required. However, it is established law that "[a] party alleging trade secret misappropriation must particularize and identify the purported misappropriated trade secrets with specificity." *Dura Global Technologies, Inc v Magna Donnelly Corp*, 662 F Supp 2d 855, 859 (ED Mich, 2009) (quotation marks and citation omitted). Michigan has not yet adopted the more forgiving "inevitable disclosure" doctrine, where a plaintiff may prove a claim of trade secret misappropriation by demonstrating that the defendant's new employment will inevitably lead him to rely on the plaintiff's trade secrets. See *CMI Int'l, Inc v Intermet Int'l Corp*, 251 Mich App 125; 649 NW2d 808 (2002). Thus, plaintiff was required to identify the trade secrets with particularity and specificity.

Lastly, defendant argues that a claim of misappropriation under MUTSA requires proof of a defendant's unauthorized "use" of the alleged trade secrets, and plaintiff did not allege any

particular misuse of the secrets.[2]  However, while unauthorized use of a trade secret is an element of a common law claim for misappropriation, *Stromback v New Line Cinema*, 384 F3d 283, 306 (CA 6, 2004), MUTSA only requires that a plaintiff show that the secret was disclosed or acquired.[3]  See e.g., *Wysong Corp*, 412 F Supp 2d at 628.  Moreover, MUTSA states that a court may enjoin actual or threatened misappropriation of a trade secret and may compel affirmative acts to protect a trade secret.  MCL 445.1903.  Accordingly, defendant's argument that plaintiff was required to show an unauthorized "use" to move forward with its case is without merit.

In sum, although we disagree with plaintiff's arguments concerning the burden of proof, we conclude that the trial court erred by declining to consider plausibly-admissible statements provided by plaintiff in response to the evidence defendant submitted with his motion for summary disposition.  Viewed in a light most favorable to plaintiff, those statements created genuine issues of material fact as to whether defendant misappropriated trade secrets, and thus, summary disposition was premature.

---

[2] We note that this issue was not raised by plaintiff on appeal and defendant failed to raise it in a cross-appeal.  However, we address the issue because "an appellee is not required to file a cross-appeal to urge an alternative ground for affirming the trial court's order."  *Vanslembrouck v Halperin*, 277 Mich App 558, 565-566; 747 NW2d 311 (2008).

[3] Under MUTSA, "misappropriation" means either of the following:

> (i) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means.
>
> (ii) Disclosure or use of a trade secret of another without express or implied consent by a person who did 1 or more of the following:
>
> (A) Used improper means to acquire knowledge of the trade secret.
>
> (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to the person to maintain its secrecy or limit its use.
>
> (C) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake. [MCL 445.1902(b).]

Reversed.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle