DeHart v JOE LUNGHAMER CHEVROLET, INC

Docket No. 207542. Submitted June 2, 1999, at Detroit. Decided December 21, 1999, at 9:00 A.M.

Deborah and Charles DeHart brought an action in the Oakland Circuit Court against Joe Lunghamer Chevrolet, Inc., alleging that the defendant was liable pursuant to the owner's liability statute, MCL 257.401; MSA 9.2101, for injury to Deborah DeHart and for loss of her society and companionship to Charles DeHart resulting from an automobile accident involving Glen Cooper. The car Cooper was driving had been leased by his mother, Katherine Cooper, from the defendant for thirty days or less pursuant to an agreement that provided that the car would not be used in any illegal manner. At the time of the accident, Glen Cooper had a revoked driver's license, was uninsured, and was intoxicated. The court, Deborah G. Tyner, J., granted summary disposition for the defendant, ruling that liability could not be imposed pursuant to subsection 401(1) because Glen Cooper did not drive the automobile with its owner's express or implied consent. The plaintiffs appealed.

The Court of Appeals *held*:

The trial court reached the right result for the wrong reason. Subsection 401(3), MCL 257.401(3); MSA 9.2101(3), provides that, notwithstanding subsection 401(1), a person engaged in the business of leasing motor vehicles and who is the lessor of a motor vehicle under a lease for a period of thirty days or less is liable for injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor or its agent was negligent in the leasing of the motor vehicle, subsection 401(3) limits such liability to $20,000 for injury or death of one person in any one accident and $40,000 for injury or death of two or more persons in any one accident. In this case, however, the defendant is protected from liability pursuant to subsection 401(3) because, contrary to the terms of the lease agreement, the leased automobile was at the time of the accident being used in an illegal manner, i.e., its driver was uninsured, intoxicated, and had a revoked driver's license.

Affirmed.

Automobiles — Negligence — Owner's Liability — Short-Term Leases.

> A person engaged in the business of leasing motor vehicles and who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of thirty days or less is statutorily liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member; such statutory liability is avoided where the lease provides that the lessee agrees that the vehicle will not be used in any illegal manner and injury is caused by the negligent operation of the leased vehicle by a driver who is uninsured, intoxicated, and has a revoked driver's license (MCL 257.401[3]; MSA 9.2101[3]).

*Lakin, Worsham & Victor, P.C.* (by *Howard J. Victor* and *James S. Craig*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Jeffrey C. Gerish*), for the defendant.

Before: DOCTOROFF, P.J., and MARKMAN and J. B. SULLIVAN*, JJ.

J. B. SULLIVAN, J. Plaintiffs appeal as of right an order of the Oakland Circuit Court granting defendant's motion for summary disposition in this automobile negligence action brought, in part, under the owner's liability statute, MCL 257.401; MSA 9.2101. We affirm.

The relevant facts in this case are not in dispute. On July 7, 1996, plaintiff Deborah DeHart was a passenger in a car being driven by her husband, plaintiff Charles DeHart. A car being driven by forty-seven-year-old Glen Cooper failed to stop for a red light and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

collided with plaintiffs' vehicle, causing serious injuries to Deborah DeHart and loss of her society and companionship to Charles DeHart. At the time of the accident, Cooper's license had been revoked, he was uninsured, and he was intoxicated. The vehicle he was driving was owned by General Motors Acceptance Corporation (GMAC) and had been leased from defendant Joe Lunghamer Chevrolet, Inc., by Cooper's mother, Katherine, with whom Cooper was living, apparently for use while her car was being repaired. While the lease agreement provided that the vehicle could be driven by members of the lessee's immediate family who are at least twenty-five years of age and permanently reside in lessee's household, it specifically provided that lessee "agree[s] the vehicle will not be used . . . in any illegal manner."

In granting defendant's motion for summary disposition, the court stated the issue before it as "whether the driver of [sic] the son of the lessee had the express and/or implied consent to drive the car so as to impose liability upon the defendant under MCL 257.401." The court found that there was no question that Glen Cooper did not have express or implied consent to take the car and that the unrebutted evidence presented by defendant was sufficient to rebut the presumption that Cooper, as the lessee's son, had permission to drive the car. The language used by the court indicates that it applied MCL 257.401(1); MSA 9.2101(1) when it should have applied subsection 3. However, we will not reverse when the trial court has the right result, even if for the wrong reason. *Cole v West Side Auto Employees Federal Credit Union*, 229 Mich App 639, 641; 583 NW2d 226 (1998). There are

no published cases addressing subsection 3 of the owner's liability statute.

This Court reviews a grant of summary disposition de novo. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). Defendant brought its motion pursuant to both MCR 2.116(C)(8) and (C)(10). The trial court did not indicate under which subrule it granted defendant summary disposition. However, because it appears that the court looked beyond the pleadings in making its determination, this Court will consider the motion granted pursuant to MCR 2.116(C)(10). A motion brought under MCR 2.116(C)(10) tests the factual support for the plaintiff's claim. *Id.* A court reviewing such a motion should review the record evidence and all reasonable inferences drawn from it and decide whether a genuine issue regarding any material fact exists to warrant a trial. *Id.*

Statutory interpretation is a question of law subject to review de novo on appeal. *Sandy Pines Wilderness Trails, Inc v Salem Twp*, 232 Mich App 1, 11; 591 NW2d 658 (1998), quoting *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Id.*

The owner's liability statute, MCL 257.401; MSA 9.2101, enacted in 1949 and amended several times, provides a cause of action against owners of motor vehicles arising from the negligent operation of those vehicles by authorized users. *Travelers Ins v U-Haul of Michigan*, 235 Mich App 273, 275; 597 NW2d 235 (1999). The purpose of the statute is to place the risk of damage or injury on the owner, the person who has ultimate control, as well as on the person who is in immediate control. *Id.* at 282. In June 1995, before the accident in the instant case, the Legislature amended the owner's liability statute to limit a lessor's liability for negligent acts of a lessee during a rental period of thirty days or less to $20,000 for each person and $40,000 for each accident. See MCL 257.401(3); MSA 9.2101(3). *Ryder Truck Rental, Inc v Auto-Owners Ins Co, Inc*, 235 Mich App 411, 414; 597 NW2d 560 (1999).

According to the House Legislative Analysis of the proposed amendment, the car and truck rental industry was seeking limitations on their exposure to lawsuits under MCL 257.401; MSA 9.2101, the owner's liability statute. The industry and its members were becoming "deep pockets" to unlimited liability, with no way to control who was driving the vehicle, as a result of the presumption of consent written into MCL 257.401(1); MSA 9.2101(1):

> The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

The House Legislative Analysis noted that, for leases greater than thirty days, MCL 257.401(2); MSA 9.2101(2) already provided that lessors were not liable at common law, and that under the current situation, the losses were inhibiting the growth of the industry and threatening to drive some companies out of the state.

As a result of the amendment, MCL 257.401(3); MSA 9.2101(3) now provides:

> Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

The plain language of subsection 3 of the statute imposes limited liability on a "short term" (thirty days or less) lessor of a motor vehicle only under two conditions: (1) the injury occurred while the leased motor vehicle was being operated by "an authorized driver under the lease agreement," *or* (2) the injury occurred while the leased motor vehicle was being operated by "the lessee's . . . son . . . ." The Legislature specifically did not reiterate in subsection 3 the consent and presumption of consent language found

in subsection 1, clearly indicating that that language was inapplicable to lessors as described in subsection 3.

In the instant case, there is no dispute that the injury occurred while the leased motor vehicle was being operated by Glen Cooper, and there is no dispute that Glen Cooper is the son of the lessee, Katherine Cooper. Therefore, the statute places strict, albeit limited, liability on the lessor without regard to whether Glen Cooper was "an authorized driver." Similarly, any questions of express or implied consent, or questions regarding rebuttable or irrebuttable presumptions are irrelevant.

Our analysis does not stop there, however. We must determine whether the lessee, Katherine Cooper, by signing an agreement "that the vehicle will not be used . . . in any illegal manner" has waived her statutory right to hold the lessor of the vehicle responsible for the amounts set forth in the statute. To put it another way, in an automobile lease for thirty days or less, is contract language that states that the lessee agrees "the vehicle will not be used . . in any illegal manner" clear and unequivocal such that the lessor of the vehicle is not responsible for the amounts set forth in the statute when the vehicle is driven by a person who is uninsured, intoxicated, and has had his license revoked. We conclude that the answer is yes.

In *Bieszck v Avis Rent-A-Car System, Inc*, 224 Mich App 295; 568 NW2d 401 (1997), a case wherein the accident occurred before the amendment of the statute and the jury determined that driver Tyrone Hill was driving without the consent of either owner Avis or renter Virdell Hill, this Court reversed on the basis of *Delaney v Burnett*, 63 Mich App 639; 234

NW2d 741 (1975), finding that an age limitation in Avis' contract "was insufficient as a matter of law, to avoid the presumption that the vehicle was being driven with Avis' consent." *Bieszck, supra* at 301-302. The Supreme Court reversed, finding that the contract was "clear and unequivocal," and that "[t]o hold Avis liable under the statute, notwithstanding the clear language of the contract, would be to render the common-law presumption *irr*ebuttable. *Bieszck v Avis Rent-A-Car System, Inc*, 459 Mich 9, 19-20; 583 NW2d 691 (1998) (emphasis in the original). The Court also overruled *Delaney* to the extent that it was inconsistent. *Id.* at 20, n 13. The Court thus gave effect to the clear language of the contract.

More recently, in *Henderson v State Farm Fire & Casualty Co*, 460 Mich 348, 356; 596 NW2d 190 (1999), the Court stated that "[u]tilization of plain English in insurance policies and other legal instruments has been on occasion required, but in all cases encouraged, in recent years." The Court went on to state that phrases should be given their "commonly used meaning" to determine what the phrase conveys to those familiar with our language and that "[t]his approach is consistent with the parallel rule for statutory construction, which requires that all nontechnical words and phrases be defined according to the common and approved usage of the language." *Id.* at 356, 357.

In this case, we conclude that the portion of the lease contract wherein the lessee agrees that "the vehicle will not be used . . . in any illegal manner" protects the lessor from liability when the vehicle is driven by a person with a revoked license, who is also uninsured and intoxicated. This conclusion sup-

ports the legislative intent in enacting MCL
257.401(3); MSA 9.2101(3) to lessen the extraordinary
losses to which (short-term) lessors were being sub-
jected when they had no control over the vehicle
after it was leased. Further, this conclusion supports
the purpose of the owner's liability statute to put the
risk of damage or injury not only on the owner, but
also on the person who is in immediate control. *Trav-
elers, supra.* In this case, that person is lessee Kathe-
rine Cooper. Finally, our conclusion supports the
basic public policy of safety on the roads by attempt-
ing to keep vehicles out of the hands of drivers such
as Glen Cooper.

Affirmed.

MARKMAN, J., did not participate.