# STATE OF MICHIGAN

# COURT OF APPEALS

---

WORTH TOWNSHIP, a Michigan municipal
corporation,

        Plaintiff-Appellee,

v

SLAVKO DIMOSKI, ZORICA DIMOSKI,
VOJNO DIMOVSKI, and GROZDANA
DIMOVSKI,

        Defendant-Appellants,

and

LAND SERVICES, INC, a Michigan corporation,

        Defendant.

UNPUBLISHED
June 22, 2017

No.  332825
Sanilac Circuit Court
LC No.  15-036290-CC

---

Before:  O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

In this condemnation action, defendants[1] appeal by right the trial court's order granting summary disposition in favor of plaintiff under MCR 2.116(C)(9) and (10), ordering the taking of defendants' property by condemnation for a public purpose, and granting defendants a judgment of just compensation in the amount of $256,000.  The trial court denied defendants' motion for relief from judgment or for reconsideration of its order granting summary disposition. We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

As a result of an earlier action brought by the Michigan Department of Environmental Quality, plaintiff was ordered to take certain remedial actions to cease its discharge of raw

---

[1] Defendant Land Services, Inc. was named as a defendant in the condemnation action as a lessee of the Dimovski defendants' property.  Land Services, Inc. was not named on the Dimovskis' claim of appeal and has not appealed the trial court's orders.

-1-

sewage into the waters of Michigan. As a result of that order, plaintiff sought to acquire three parcels of property owned by defendants (collectively "the property") to install a sewer lagoon as part of a plan to install a wastewater collection and treatment system. To that end, plaintiff offered to purchase the property from defendants for $256,000. Plaintiff's offer was based on an appraisal from Certified General Appraiser Dan J. Brown dated May 5, 2015. Defendants did not accept that offer, and did not sell the property to plaintiff voluntarily.

In August 2015, plaintiff filed suit, requesting that the court order the taking of the property by eminent domain and either enter a judgment of just compensation in the amount of $256,000 (adjusted for delinquent taxes and costs of remediation for environmental contamination, if any) or set a date for a pretrial conference and trial to determine the amount of just compensation owed to defendants. Defendants answered the complaint, denying that plaintiff's stated figure of $256,000 represented just compensation for the taking of the property and requesting that the trial court "set a schedule so the parties may arrive at a reasonable price for Plaintiff to compensate Defendants for Defendants' real property."[2] In early December 2015, defendants had an appraisal of the property performed by Certified General Appraiser Dale R. Hager, who valued the property at $234,000. Plaintiff and defendants exchanged appraisal reports pursuant to MCL 213.55(3)(b).[3] Plaintiff made an offer of judgment to defendants in December 2015, offering to stipulate to a judgment for condemnation in the amount of $256,000.

In January 2016, plaintiff filed a motion for summary disposition under MCR 2.116(C)(8), (9), and (10). Plaintiff argued that both parties had had the property appraised, and that defendants' appraisal was actually lower than the amount plaintiff had stated it was willing to pay, and thus that there was no genuine issue of material fact regarding the amount of just compensation owed by plaintiff. Plaintiff attached both the Hager and Brown appraisals to its motion. Also in January 2016, defendants responded with a counter-offer of judgment in the amount of $360,000.

In February 2016, the trial court held a hearing on plaintiff's motion for summary disposition. Defendants' counsel stated at the hearing that his firm was "[c]ounsel of record since this morning and we got involved in the case last week."[4] Defendants argued that no scheduling order had been issued in the case and that no discovery had been conducted, making a motion for summary disposition premature. Plaintiff's counsel stated that during negotiations with one of defendants' prior attorneys, plaintiff had "indicated that if [defendants] got an appraisal and it came back higher then we would pay a higher price," but that defendants' appraisal in fact came back lower. Plaintiff argued that because it was willing to pay the higher

---

[2] Defendants did not challenge the necessity of the taking itself and later consented to the necessity of the taking of the property by condemnation.

[3] MCL 213.55(3)(b) provides, "The parties shall exchange the agency's updated appraisal report, if any, and the owner's appraisal report within 90 days after the expiration of the period for filing written claims . . . ."

[4] Plaintiff's counsel represented that defendants had retained four attorneys over the course of the proceedings.

appraised amount, there was no issue of material fact regarding the amount of just compensation. The trial court adjourned the hearing for two weeks to provide defendants with the opportunity to supplement their response to plaintiff's motion, and stated that it would grant the motion "absent some other evidence." The trial court issued a scheduling order that day, establishing May 23, 2016 as the deadline for the completion of discovery.

After the hearing, defendants deposed Worth Township Supervisor Philip Essenmacher. They also secured an affidavit from Hager, their appraiser, wherein Hager stated that he had undervalued the property by valuing the three parcels as one parcel with the highest and best use being agricultural, rather than as separate parcels with the highest and best use being residential.

At a continued motion hearing on February 29, 2017, defendants argued that Hager's affidavit demonstrated that both the Hager and Brown appraisals were faulty for not valuing the parcels as three separate parcels, for incorrectly identifying the highest and best use, and for not taking into account the scarcity of properties that suited plaintiff's specific needs for construction of a sewer lagoon. Defendants also argued that Hager, given time, would produce new appraisals of the property with a higher valuation. According to defendants, this created a factual dispute that rendered summary disposition inappropriate.

The trial court granted plaintiff's motion, stating that defendants had failed, even after being granted additional time, to raise a genuine issue of material fact that the property was worth more than $256,000. Defendants moved for relief from judgment or reconsideration, attaching to their motion new appraisals from Hager, dated March 29, 2016, that separately valued the three parcels at a total value of $288,000. The trial court denied defendants' motion. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10)[5] if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). All reasonable inferences

---

[5] Although the trial court's order granting summary disposition to plaintiff is titled "Order Granting Summary Disposition Under MCR 2.116(C)(9) and (10) For Taking of Property by Condemnation and Entry of Judgment For Just Compensation," the order states, and the record makes clear, that the trial court considered material beyond the pleadings in rendering its decision. We therefore review the trial court's grant of summary disposition as being one made pursuant to MCR 2.116(C)(10). See *Dehart v Joe Lunghamer Chevrolet, Inc.*, 239 Mich App 181, 184; 607 NW2d 417 (1999).

are to be drawn in favor of the nonmovant. *Dextrom v Wexford County*, 287 Mich App 406, 415; 789 NW2d 211 (2010). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We review for an abuse of discretion a trial court's decision on a motion for relief from judgment or reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 116 NW2d 333 (2000).

## III. ANALYSIS

Defendants argue that the trial court erred by granting summary disposition in favor of plaintiff; specifically, defendants maintain that (1) the grant of summary disposition was premature and (2) a genuine issue of material fact existed regarding just compensation for the property. We disagree in both respects.

Generally, a motion for summary disposition under MCR 2.116(C)(10) may be raised at any time, subject to the trial court's discretion to limit the time for such motions by scheduling order. *Kemerko Clawson, LLC v RXIV Inc*, 269 Mich App 347, 350-351; 711 NW2d 801 (2005). Summary disposition may be premature if it is granted before discovery on a disputed issue is completed, *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009), unless further discovery does not present a fair likelihood of uncovering factual support for the opposing party's position. *Liparoto Constr, Inc*, 284 Mich at 33-34.

Discovery in the circuit court may be conducted at any time without approval of the court; unlike the district court, the circuit court is not required to order that discovery be initiated, nor is a stipulation to conduct discovery required. See MCR 2.301(A)-(B), MCR 2.302(A)(2). At the initial motion hearing, defendants' counsel stated his awareness that a scheduling order was not required to initiate discovery in a circuit court case. Nonetheless, defendants argue that the trial court prevented them from conducting necessary discovery on the issue of just compensation by granting defendants' motion for summary disposition on March 21, 2016, more than 7 months after the filing of plaintiff's complaint for condemnation.

During the time between the filing of plaintiff's complaint and the trial court's grant of summary disposition, defendants had the property appraised by their own appraiser, and submitted their own counter-offer of judgment. It appears that defendants were dissatisfied with their own appraisal, and with the counsel they had retained to represent them in this matter, and that they retained new counsel at least once, if not several times. However, defendants do not explain why the period of seven months did not provide them adequate time to conduct sufficient discovery in this case where the issue was limited to the valuation of a subject property. Although discovery rules are to be liberally construed, the time allowed for discovery is not endless; disclosure of facts related to the underlying issues must be balanced against the necessity of disposing of the litigation in a timely manner. See *Klabunde v Stanley*, 384 Mich 276, 282; 181 NW2d 918 (1970).

If defendants were hampered in their ability to conduct discovery by problems with their retained counsel, their remedy lies elsewhere. See, e.g., *Basic Food Industries, Inc v Grant*, 107

-4-

Mich App 685, 690-691; 310 NW2d 26 (1981) (holding that attorney breached his duty of care by, inter alia, failing to make any pretrial discovery). Additionally, the trial court did adjourn the motion hearing to provide defendants with two additional weeks to supplement their response to plaintiff's motion; during that time, defendants conducted a deposition and consulted their appraiser.

Defendants' principal objection does not, however, appear to be that they had insufficient time to conduct appropriate discovery. Rather, the root of defendants' objection seems to be that the trial court erred by not granting them enough time to prepare a new appraisal. We disagree. By the time of the initial motion hearing, nearly six months had elapsed since the filing of the action. Defendants' first appraisal had been completed more than two months earlier. While defendants may have been dissatisfied with their own appraiser's initial valuation, and may have therefore rethought their valuation theory, nothing prevented defendants from obtaining a second appraisal (and from completing any necessary discovery attendant to it) before the initial motion hearing, or certainly, given that the trial court continued the hearing to a later date for the express purpose of allowing defendants to produce additional evidence, before the second motion hearing. Yet defendants failed to do so, and they therefore cannot now be heard to complain of insufficient time to conduct appropriate discovery.

Our conclusion is not altered by the fact that after the initial motion hearing, the trial court entered a scheduling order providing a hard date for the close of all discovery; the fact that the trial court set such a date (so that, if it were to deny defendants' motion, relevant time periods for discovery would be established to ensure that trial would not be unduly delayed, see MCR 2.401(B)-(C)) did not prevent it from considering plaintiff's motion at an earlier date, MCR 2.116(D)(4), and defendants were fully aware of the trial court's intent to grant plaintiff's motion in two weeks absent the introduction of additional evidence. Finally, at the time of the initial motion hearing, the trial court was presented with two completed appraisals and had no evidentiary basis to believe that allowing additional time for a third appraisal to be conducted would reasonably lead to support for defendants' position. *Liparoto Constr, Inc*, 284 Mich at 33-34.

Defendants additionally argue that the trial court erred by granting summary disposition to plaintiff because Hager's affidavit created a genuine issue of material fact as to the valuation of the property, in that it stated that (1) the highest and best use of the three parcels individually was residential and (2) the valuation of the parcels as one parcel rather than three separate parcels was erroneous and led to a lower value. We disagree.

In a condemnation action where a property owner does not contest the necessity of condemnation, the issue is generally limited to the amount of just compensation to be provided. See *Silver Creek Drain Dist v Extrusions Div, Inc*, 468 Mich 367, 369; 663 NW2d 436 (2003). Plaintiff carried its initial burden of supporting its position that by providing the trial court with both the Brown and Hager appraisals and stating that it would pay the higher appraised amount. MCR 2.116(G)(3)(b); MCR 2.116(G)(4); *Coblentz v Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). It was thus incumbent on defendants to show by evidentiary materials that a genuine issue of material fact existed. MCR 2.116(G)(4), *Coblentz*, 475 Mich at 569. Mere speculation and conjecture are insufficient. *Skinner v Square D Co*, 445 Mich 153, 172-173; 516 NW2d 475 (1994). Here, Hager's affidavit essentially states that he erred in performing his own appraisal;

contrary to defendants' argument, and although it does express Hager's opinion that any appraisal valuing the property as one parcel for agricultural use would undervalue the property relative to individual valuations of the three parcels for residential use, it does not specifically challenge Brown's appraisal as erroneous. Nor does Hager's affidavit contain a valuation of the property, as Hager had not at that time performed a new appraisal; rather the affidavit merely speculates that such an appraisal would result in a higher value.

Defendants never presented the trial court with any evidence that Hager would testify to deficiencies in the Brown appraisal, although defendants' counsel submitted his own affidavit to the trial court, following the initial motion hearing, indicating his belief that both Hager and Brown would testify that Brown's appraisal was inaccurate. Both counsel's affidavit and Hager's affidavit merely posit the possibility that a claim might be supported by evidence at trial; such speculation is insufficient to survive a motion for summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Further, Essenmacher's deposition testimony regarding the specific requirements for the placement of a sewer lagoon and his testimony that none of the other owners of suitable properties were willing to sell do not create an issue of material fact; in the first instance, his testimony concerning statements made by other property owners is inadmissible hearsay, see MRE 801(c). Additionally, Essenmacher affirmatively stated that he was not an appraiser or expert in property valuation. And the mere fact that the property at issue has attributes specifically desirable to plaintiff (who was faced with a time limit for complying with the consent order from the previous suit) is not evidence that plaintiff's stated amount of just compensation was inaccurate. Obviously, the characteristics of the property at issue are what prompted plaintiff to attempt first to purchase the property, and then to take it by condemnation. Defendants argue that the trial court should have considered the scarcity of other properties that possessed these characteristics, but do not explain how the appraisals failed to account for or undervalued favorable characteristics of the property. And to the extent that defendants argue that they essentially had plaintiff "over a barrel" because of the lack of other suitable properties and the time limit established by the previous consent order, and thus should have been able to obtain a higher price for the property than they may have from other buyers, "a guiding principle when awarding just compensation in a condemnation suit is to neither enrich the individual at the expense of the public nor the public at the expense of the individual but to leave him in as good a position as if his lands had not been taken." *Mich Dep't of Transp v Tomkins*, 481 Mich 184, 189; 749 NW2d 716 (2008).

The trial court did not err by granting summary disposition in favor of plaintiff under MCR 2.116(C)(10). Further, the trial court did not abuse its discretion by declining to grant reconsideration or relief from judgment. Although defendants belatedly supported the latter motion with Hager's new appraisal valuing the property as individual parcels, this evidence was only "newly discovered" in the sense that defendants had failed to obtain such an appraisal during the seven months the case was pending, or for nearly four months after Hager's first appraisal was completed. There was no reason why defendants, in the exercise of due diligence, could not have provided this appraisal earlier. There was thus no evidence of a "palpable error by which the court and the parties have been misled;" the trial court was within its discretion to decline to consider evidence that could have presented when the motion was originally decided. MCR 2.119(F)(3); *Yoost v Caspari*, 292 Mich App 209, 220; 813 NW2d 783 (2012).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra