*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOME-OWNERS INSURANCE COMPANY,

Plaintiff-Appellee,

v

NATIONWIDE INSURANCE COMPANY, KOOL CHEVROLET INC, JERRY LEE WINELAND, and SHELLI WINELAND,

Defendants,

and

AMCO INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
June 25, 2020

No. 347089
Kent Circuit Court
LC No. 16-011903-CB

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Defendant, AMCO Insurance Company ("AMCO"), appeals by right the trial court's decisions granting summary disposition in favor of plaintiff, Home-Owners Insurance Company ("Home-Owners"), and the trial court's determination of the order of priority for exhausting the applicable insurance policies. We reverse the trial court's order granting summary disposition in favor of Home-Owners, vacate the trial court's opinion and order determining the priority order for exhausting the applicable policies, and remand.

## I. FACTS & PROCEDURAL HISTORY

This case arises out of an automobile accident. On October 8, 2015, Christopher Stewart ("Christopher"), rented a vehicle from Kool Chevrolet, Inc. ("Kool") for his 16-year-old son Benjamin Stewart ("Benjamin") to drive. The front page of the rental agreement stated:

For liability losses involving third persons occurring in Michigan, We are responsible only up to $20,000 for bodily injury or death to one person and $40,000

-1-

for bodily injury or death to 2 or more persons in any one accident, and only if You, a member of Your immediate family or an Authorized Driver under the agreement were operating the Vehicle at the time of the accident. You may be liable to injured third persons for amounts in excess of those limits.

By signing below, you: agree to the terms and conditions of this Agreement set forth on the Face Page and in the Terms and Conditions . . . .

The backside of the rental agreement listed the "Michigan Rental Agreement Terms and Condition" and stated:

"Authorized Driver" means: (a) the Customer (at least age 18) and the Customer's spouse; (b) additional drivers listed by us in this Agreement . . . . Authorized Drivers are the only persons permitted to drive the Vehicle. Each Authorized Driver must possess a valid driver's license. The Customer must be at least age 18. If the Vehicle is a temporary substitute for a vehicle being serviced or repaired and the Customer is the title owner of that vehicle, then the Customer's spouse must be at least age 18. All other Authorized Drivers must be at least age 21.

On October 11, 2015, Benjamin was driving the rental car when he disregarded a stop sign and struck a vehicle driven by Jerry Wineland. Wineland was injured and sued Kool and Benjamin in tort alleging serious impairment of bodily functions and permanent, serious disfigurement. Wineland's spouse Shelli Wineland also sued alleging a loss of consortium. Kool filed a third-party claim against Christopher. AMCO insured Kool through a "garage" liability policy[1] and a

---

[1] A garage liability policy is a commercial automobile policy designed to address the needs of automobile dealers and automobile repair businesses. Here, the policy provided $1 million liability coverage for an "insured" which it defines as follows:

> 3. Who Is An Insured
>   a. The following are 'insureds' for covered 'autos':
>     (1) You for any covered 'auto'.
>     (2) Anyone else while using with your permission a covered 'auto' you own, hire or borrow except:
>                     * * *
>     (d) Your customers. However, if a customer of yours:
>       (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
>       (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the amount of their other insurance.

commercial umbrella policy. Home-Owners insured Christopher through an automobile policy and an umbrella policy. Home-Owners provided a defense to both Christopher and Benjamin, and then sought a declaratory judgment that AMCO was first in priority to provide liability coverage and reimbursement to Home-Owners for its defense of Christopher and Benjamin.

Home-Owners and AMCO filed cross motions for summary disposition. Home-Owners argued that Benjamin was an insured by definition under the AMCO garage liability policy, and that the Home-Owners policy only provided excess liability coverage. Home-Owners contended that the rental agreement provisions which attempted to shift primary coverage from the owner to the renter's insurer were invalid under the no-fault act, MCL 500.3101 *et seq*., and that AMCO had already admitted coverage of $20,000 for Benjamin in a letter dated April 5, 2017. Additionally, Home-Owners argued, AMCO had improperly denied coverage in a letter dated February 8, 2016, and should be held liable up to the limits of the policy, rather than the statutory minimum.

AMCO argued that its liability was limited to the statutory minimum on the face of the rental agreement, which was taken from the owner's liability statute MCL 257.401 which states in pertinent parts:

(1) This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant. The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family.

(2) A person engaged in the business of leasing motor vehicles who is the lessor of

However, this provision was modified in an endorsement which states:

A. Changes in Liability Coverage

* * *

2. Paragraph a.(2)(d)(i) and (ii) of the **Who is An Insured** Provision in the Garage Coverage Form is replaced by the following:

Your customers, but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

-3-

a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days, or a dealer acting as agent for that lessor, is not liable at common law for damages for injuries to either person or property resulting from the operation of the leased motor vehicle, including damages occurring after the expiration of the lease if the vehicle is in the possession of the lessee.

(3) Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

(4) A person engaged in the business of leasing motor vehicles as provided under subsection (3) shall notify a lessee that the lessor is liable only up to the maximum amounts provided for in subsection (3), and only if the leased motor vehicle was being operated by the lessee or other authorized driver or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member, and that the lessee may be liable to the lessor up to amounts provided for in subsection (3), and to an injured person for amounts awarded in excess of the maximum amounts provided for in subsection (3).

(5) Subsections (3) and (4) shall not be construed to expand or reduce, except as otherwise provided by this act, the liability of a person engaged in the business of leasing motor vehicles or to impair that person's right to indemnity or contribution, or both. [MCL 257.401(1)-(5).]

AMCO further argued that it was not a party to the rental agreement, and Kool's right to indemnity did not create a subrogation claim.

The trial court granted summary disposition in favor of Home-Owners. The trial court concluded that the insurance provisions of the rental agreement attempted to impermissibly shift primary coverage to the driver's insurer (here, Home-Owners), and that AMCO's policy improperly excluded coverage for Benjamin's use of the rented car. Thus, the trial court reasoned, under *Auto-Owners v Martin*, 284 Mich App 427 (2009), AMCO was required to provide coverage for Benjamin up to the policy limit of $1 million.

AMCO filed a motion for rehearing on the basis that the trial court failed to consider whether Benjamin was a non-permissive user under the no-fault act, MCL 500.3131(2), and the financial responsibility act, MCL 257.520, and thus, AMCO only owed coverage to Kool for Kool's liability under the owner's liability statute, MCL 257.401(3), but was not responsible for

providing liability coverage for Benjamin. The trial court denied the motion, reasoning that AMCO owed coverage to Benjamin because he was Christopher's immediate family member, and therefore, it was immaterial whether Benjamin was a permissive user.

Home-Owners and AMCO next filed cross-motions for summary disposition on the issue of priority coverage for Benjamin in the underlying case. The trial court granted summary disposition and concluded that the policies would be exhausted in the following manner:

1. the AMCO garage liability policy up to the $1 million limit,
2. the Home-Owners automobile policy up to the $500,000 liability limit,
3. the Home-Owners umbrella policy up to the $1 million liability limit, and
4. the AMCO umbrella policy up to the $10 million liability limit.

AMCO appeals by right and argues that the trial court improperly interpreted the owner's liability statute, MCL 257.401(3), and that AMCO is not liable under the garage liability policy or the umbrella policy. We agree.

## II. STANDARDS OF REVIEW

We review de novo the trial court's decisions on motions for summary disposition, questions of statutory interpretation, and the proper interpretation of a contract. *Mendelson Orthopedics PC v Everest Natl Ins Co*, 328 Mich App 450, 456-457; 938 NW2d 739 (2019).

A motion for summary disposition under MCR 2.116(C)(10) should be granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law after a review of all the pleadings, admissions, and other evidence submitted by the parties, viewed in the light most favorable to the nonmoving party. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010). There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party. *Id.*

## III. ANALYSIS

AMCO argues that trial court conflated Kool's responsibility to insure its vehicles under the no-fault act, MCL 500.3131(2) and MCL 500.3009(1), with Kool's strict liability under the owner's liability statute, MCL 245.401(3). We agree.

The primary rule of statutory interpretation is that courts are to give effect the intent of the Legislature, and begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. *Stanton v City of Battle Creek*, 466 Mich 611, 615; 647 NW2d 508 (2002); *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008). If the language is unambiguous, the intent of the Legislature is clear and judicial construction is neither necessary nor permitted. *Odom*, 482 Mich at 467.

Under the no-fault act, vehicle owners must maintain insurance coverage for liability arising out of the use of the vehicles of at least $20,000 for injury or death of one person, and $40,000 for injury or death of two or more persons (20/40 coverage). See MCL 500.3131(2); MCL 500.3009(1). This requirement extends to car rental companies. See *State Farm Mut Auto*

*Ins Co v Enterprise Leasing Co*, 452 Mich 25; 549 NW2d 345 (1996) (holding that car rental companies must provide primary insurance coverage for liability arising out of the use of their vehicles, pursuant to MCL 500.3101). Any attempt to shift the responsibility to provide primary coverage from the owner to a driver, or the driver's insurer, is invalid because it violates the no-fault act. *State Farm Mut Auto Ins Co*, 452 Mich at 35; *Citizens Ins Co of Am v Federated Mut Ins Co*, 448 Mich 225, 227; 531 NW2d 138 (1995). A rental agreement that lowers a policy limit (not below the statutory minimum) does not contravene the no-fault act and is valid. *Ryder Truck Rental, Inc v Auto-Owners Ins Co, Inc*, 235 Mich App 411, 415; 597 NW2d 560 (1999).

Under the owner's liability statute, MCL 257.401, the owner of a vehicle may be liable for injuries arising from the use of the vehicle by another driver. For car rentals, subsection (3) imposes limited, strict liability on a "short term" (thirty days or less) lessor of a motor vehicle "under two conditions: (1) the injury occurred while the leased motor vehicle was being operated by 'an authorized driver under the lease agreement,' or (2) the injury occurred while the leased motor vehicle was being operated by 'the lessee's . . . son . . . .' " *DeHart v Joe Lunghamer Chevrolet, Inc*, 239 Mich App 181, 185-187; 607 NW2d 417 (1999) (citations omitted). Any attempt to distinguish between an owner-insured and a permissive user, is an unallowable attempt to unilaterally dictate priority of coverage, and waives an insurer's right to limit coverage to the statutory minimum. *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 449; 773 NW2d 29 (2009).

In *DeHart v Joe Lunghamer Chevrolet, Inc*, 239 Mich App at 182, the plaintiffs were injured in a collision with a leased vehicle driven by the lessee's son who was intoxicated, uninsured, and had a revoked license. We held that because the injury occurred while the vehicle was driven by the lessee's son, and the statute placed "strict, albeit limited, liability on the lessor without regard to whether [the son] was 'an authorized driver[.]' " *Id*. at 189. However, the lessee had waived her right to hold the lessor responsible under the statute because she had signed a rental agreement that stated the vehicle would not be used in any illegal manner. *Id*. We reasoned that protecting the lessor from liability comported with the legislative intent in enacting MCL 257.401(3) which was "to lessen the extraordinary losses to which (short-term) lessors were being subjected when they had no control over the vehicle after it was leased." *Id*. at 189. "Further, this conclusion supports the purpose of the owner's liability statute to put the risk of damage or injury not only on the owner, but also on the person who is in immediate control." *Id*.

Thus, the dispositive question in the instant matter is whether the terms of the rental agreement were violated when Benjamin drove the rental car. The rental agreement stated:

> "Authorized Driver" means: (a) the Customer (at least age 18) and the Customer's spouse; (b) additional drivers listed by us in this Agreement . . . . Authorized Drivers are the only persons permitted to drive the Vehicle. Each Authorized Driver must possess a valid driver's license. The Customer must be at least age 18. If the Vehicle is a temporary substitute for a vehicle being serviced or repaired and the Customer is the title owner of that vehicle, then the Customer's spouse must be at least age 18. All other Authorized Drivers must be at least age 21.

It is undisputed that Christopher failed to list Benjamin as an additional driver, and that Benjamin was 16 years old—not "at least age 21" as required by the rental agreement. Benjamin did not

qualify as an "Authorized Driver," and, therefore, he was driving the rental car in violation of the rental agreement terms when the collision occurred. Therefore, Home-Owners, by way of their insured, Christopher, waived the right to hold Kool responsible under the owner's liability statute, MCL 257.401(3). *DeHart*, 239 Mich App at 189. Accordingly, because Kool is not responsible, it is not necessary to consider the terms of the garage liability policy or AMCO's remaining arguments regarding priority or preemption under the federal Graves Amendment, 49 USC 30106.

## IV. CONCLUSION

The trial court incorrectly concluded that AMCO was liable up to the limits of the garage liability policy. We reverse the trial court's order granting summary disposition in favor of Home-Owners, vacate the trial court's opinion and order determining the order of priority for exhausting the applicable policies, and remand to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan