*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS J. MAHER,

        Plaintiff,

and

BRONSON HEALTH CARE GROUP, INC., and
MARY FREE BED REHABILITATION
HOSPITAL,

        Plaintiffs-Appellants,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY,

        Defendant/Third-Party Defendant-
        Appellee.

UNPUBLISHED
March 13, 2026
10:25 AM

No. 371080
Kalamazoo Circuit Court
LC No. 2023-000179-NF

THOMAS J. MAHER,

        Plaintiff-Appellant,

and

BRONSON HEALTH CARE GROUP, INC., and
MARY FREE BED REHABILITATION
HOSPITAL,

        Plaintiffs,

v                                      No. 371175
                                      Kalamazoo Circuit Court
FARM BUREAU GENERAL INSURANCE        LC No. 2023-000179-NF
COMPANY OF MICHIGAN,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY,

        Defendant/Third-Party Defendant-
        Appellee.

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

In this consolidated appeal[1] under Michigan's no-fault act, MCL 500.3101 *et seq.*, plaintiffs Thomas J. Maher, Bronson Health Care Group, Inc., and Mary Free Bed Rehabilitation Hospital appeal by right the trial court's order granting summary disposition to defendants Farm Bureau General Insurance Company of Michigan and Allstate Fire and Casualty Insurance Company. This Court recently held in *Mary Free Bed Rehab Hosp v Esurance Prop and Cas Co*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 370846); slip op at 1, 11-17, that when the policy coverage limit of a higher-priority insurer under MCL 500.3114(5) is exhausted, an injured person or their treatment provider may claim additional benefits from a lower-priority insurer that provides unlimited coverage. Because *Mary Free Bed* governs the outcome of this case as well, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND AND FACTS

This appeal arises from a motor-vehicle accident that occurred on July 9, 2022. Maher was riding his motorcycle when Deymeon Todd, operating his own Chrysler 300 vehicle, crossed the

---

[1] *Maher v Farm Bureau Gen Ins Co of Mich*, unpublished order of the Court of Appeals, entered June 26, 2024 (Docket Nos. 371080 and 371175).

center-line of the road and hit Maher. Maher was flung off his motorcycle onto the front yard of a nearby home. Maher was taken by ambulance to Bronson Methodist Hospital and was later transferred to Mary Free Bed Rehabilitation Hospital. Maher suffered serious injuries to his left leg, including a femur fracture and an amputation below the knee, as well as a spinal injury, such that he will require intensive care for the rest of his life.

Maher's expenses while in Bronson's care totaled $400,090.85 and his expenses while in Mary Free Bed's care totaled $177,022.44. Todd's Chrysler 300 was insured by Allstate and carried a coverage limit of $250,000 for PIP medical benefits. Allstate paid Bronson $181,698.46 for Maher's medical expenses and exhausted its personal protection insurance (PIP) medical benefit policy limits. At the time of the accident, Maher had a no-fault motor vehicle insurance policy effective from July 3, 2022 to January 3, 2023 from Farm Bureau. Maher's policy carried unlimited coverage for PIP medical benefits.

Maher made a claim for PIP benefits from Farm Bureau that Farm Bureau denied on the ground that Allstate was solely responsible for paying Maher's PIP benefits because Allstate was higher in priority under MCL 500.3114(5).

Maher filed suit against Farm Bureau on March 30, 2023, seeking payment of overdue PIP benefits as well as a declaratory judgment that Farm Bureau was liable for no-fault benefits payable to plaintiff. Bronson filed suit seeking PIP benefits against Allstate and Farm Bureau on July 7, 2023. Mary Free Bed also filed suit seeking PIP benefits against Allstate and Farm Bureau on July 25, 2023. On August 9, 2023, Farm Bureau filed a third-party complaint against Allstate seeking a declaratory judgment that MCL 500.3114(5) made Allstate, not Farm Bureau, liable for Maher's PIP benefits. The trial court thereafter consolidated all the actions arising out of Maher's accident into one case.

Mary Free Bed and Bronson moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) on the basis that Maher's motor vehicle policy required Farm Bureau to pay PIP medical benefits to cover Maher's excess losses after Allstate's PIP medical-benefits coverage was exhausted. Maher concurred with the motion and asked for summary disposition against Farm Bureau under MCR 2.116(I)(2) (opposing party entitled to judgment) on the same grounds.

Farm Bureau also moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10), arguing that Allstate, as the highest-priority insurer under MCL 500.3114(5), was solely responsible for paying Maher's PIP benefits and that Allstate had paid all PIP benefits to which plaintiffs were entitled. Allstate concurred with Farm Bureau's motion for summary disposition and requested summary disposition dismissing plaintiffs' claims against Allstate. The trial court granted summary disposition to defendants.

Their claims being fully dismissed, plaintiffs now appeal.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's determination on a motion for summary disposition. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). Summary

disposition under MCR 2.116(C)(10)[2] is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (cleaned up). We also review questions of statutory interpretation de novo. *Newton v Progressive Marathon Ins Co*, 349 Mich App 536, 544; 28 NW3d 377 (2024).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting defendants' motions for summary disposition because the no-fault act does not preclude plaintiffs from claiming PIP medical benefits from Maher's lower-priority Farm Bureau policy, which carried unlimited coverage, after PIP medical coverage from the capped higher-priority Allstate policy was exhausted. We agree.

PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). Generally, persons injured in motor vehicle accidents must seek no-fault benefits from their own no-fault insurer (or that of a spouse or relative domiciled in the same household) under MCL 500.3114(1) unless one of the exceptions provided in MCL 500.3114(2), (3), or (5) applies. See also *Hmeidan v State Farm Mut Auto Ins Co*, 326 Mich App 467, 476-477; 928 NW2d 258 (2018). This appeal implicates MCL 500.3114(5), which establishes the order of priority that an operator or passenger of a motorcycle injured in a motor-vehicle accident must follow to claim no-fault benefits:

---

[2] Although the trial court did not specify under which subrule it granted summary disposition, when it appears, as here, that the trial court considered evidence beyond the pleadings to decide a motion under both MCR 2.116(C)(8) and (C)(10), "this Court will consider the motion granted pursuant to MCR 2.116(C)(10)." *DeHart v Joe Lunghamer Chevrolet, Inc*, 239 Mich App 181, 184; 607 NW2d 417 (1999).

Subject to subsections (6)[3] and (7),[4] a person who suffers accidental bodily injury arising from a motor vehicle accident that shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

(b) The insurer of the operator of the motor vehicle involved in the accident.

(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

Here, Maher was operating a motorcycle when he was struck by Todd's vehicle, which was insured by Allstate with a $250,000 cap on PIP medical-expense benefits per individual per accident. It is undisputed that the Allstate insurance policy is the highest in the order of priority under MCL 500.3114(5)(a) (insurer of the motor vehicle's owner) and the PIP medical-expense coverage limit was exhausted under that policy. It is also undisputed that Maher's Farm Bureau motor vehicle insurance policy has unlimited PIP medical-expense coverage and is lower in the order of priority under MCL 500.3114(5)(c) (insurer of the motorcycle operator). See also *Hmeidan*, 326 Mich App at 480-481 (holding that MCL 500.3114(5)(c) applies to any applicable motor vehicle policies that cover a motorcycle operator).

Before legislative reform in 2019, the no-fault act allowed all persons injured in motor vehicle accidents to receive unlimited lifetime benefits for "allowable expenses" under MCL

---

[3] MCL 500.3114(6) provides as follows:

If an applicable insurance policy in an order of priority under subsection (5) is a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d, or as to which an exclusion under section 3109(2) applies, the injured person shall claim benefits only under other policies, subject to subsection (7), in the same order of priority for which no such election has been made. If there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority or, if there is not a next order of priority, under the assigned claims plan under sections 3171 to 3175.

[4] MCL 500.3114(7) provides as follows:

If personal protection insurance benefits are payable under subsection (5) under 2 or more insurance policies in the same order of priority, the benefits are only payable up to an aggregate coverage limit that equals the highest available coverage limit under any 1 of the policies.

500.3107(1). See *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012). In 2019, the Legislature amended the no-fault act to allow persons procuring coverage to limit or decline PIP medical-benefits coverage on no-fault insurance policies issued or renewed after July 1, 2020. See 2019 PA 21; 2019 PA 22; MCL 500.3107c; MCL 500.3107d; MCL 500.3109a. Relevant here, a policyholder may choose to limit PIP medical-benefits coverage to $250,000. See MCL 500.3107c(1)(b).

As we recently explained, "[b]ecause the 2019 amendments allow policyholders to decline or limit PIP coverage, there may be circumstances in which the benefits sought exceed the first-in-priority insurer's policy limits." *Mary Free Bed*, ___ Mich App at ___; slip op at 11-12. And "[u]nder such circumstances, and when a lower-priority insurer has a higher limit (or, as is the case here, no limit at all), . . . the plain language of MCL 500.3114(5) allows an injured motorcyclist or their treating medical provider to recover from such lower-priority insurers once coverage by a higher-priority insurer is exhausted." *Id.* at ___; slip op at 12.

In light of this binding caselaw, MCL 500.3114(5) allows plaintiffs to recover PIP medical benefits from Maher's lower-priority Farm Bureau motor vehicle policy after PIP medical-benefits coverage was exhausted under Allstate's higher-priority policy. As a result, the trial court erred by granting summary disposition to defendants.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi